8IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | Docket No. 4:24-cr-064 |
| v. | ) ) | |
| ASHLEY LYNN ANDREWS, also known as, "Red", | ) ) ) | GOVERNMENT'S SENTENCING MEMORANDUM |
| Defendant. | ) ) | |

## I.    INTRODUCTION

On January 6, 2024, a tragedy occurred: J.M. died from a fentanyl overdose. Police swiftly identified Defendant as the distributor to J.M. Thereafter, police conducted several controlled buys of fentanyl from Defendant and encountered her in possession of 38 grams of fentanyl. Defendant was involved in a fentanyl conspiracy in which she used, distributed, and possessed fentanyl. Based on the nature and circumstances of the offense, the danger Defendant poses to the public, and the need for just punishment, a guideline sentence is sufficient to accomplish the objectives of sentencing.

## II.    PROCEDURAL BACKGROUND

On May 14, 2024, a Grand Jury in the Southern District of Iowa returned an Indictment, charging Defendant with four counts: Conspiracy to Distribute a Controlled Substance in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), 846 (Count 1); Distribution of a Mixture and Substance Containing Fentanyl Resulting in Death or Serious Injury, in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(C) (Count 2); Possession with Intent to Distribute

1

a Mixture and Substance Containing Fentanyl, in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(C) (Count 3); and Possession With Intent to Distribute 40 Grams of More of a Mixture and Substance Containing Fentanyl, in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(B) (Count 4) (Dkt. No. 15.)

On March 19, 2025, Defendant pleaded guilty to Count 2 of the Indictment, that is Distribution of a Mixture and Substance Containing Fentanyl Resulting in Death or Serious Injury pursuant to a plea agreement. The government agreed to dismiss Counts 1, 3, and 4 of the Indictment at the time of sentencing. (Dkt. No. 108.) Sentencing is set for July 1, 2025. (Dkt. No. 118.)

## III.   SENTENCING ISSUES

There are no issues to be resolved at the time of sentencing by the Court other than the ultimate sentence.

## IV.   ADVISORY GUIDELINE RANGE

The Guideline calculations are as follows:

Count One (Possession with Intent to Distribute a Controlled Substance):

| | |
|---|---|
| Base Offense level USSG §2D1.1(a)(2) | 38 |
| Maintaining a premises  USSG §2D1.8 | +2 |
| Acceptance of responsibility | -3 |

Total offense level:                    37

Criminal history:                            I

Guideline range:            240-162 months' imprisonment

The statutory minimum is 240 months.

## § 3553(a) FACTORS SUPPORT A GUIDELINE SENTENCE

The appropriate sentence to be imposed by the Court should be "sufficient but not greater than necessary" to meet relevant sentencing objectives, which include:

1. the nature and circumstances of the offense and history and characteristics of the defendant;
2. the need for the sentence imposed -
   A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   B. to afford adequate deterrence to criminal conduct;
   C. to protect the public from further crimes of the defendant; and
   D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. the kinds of sentences available;
4. the guideline sentencing range;
5. any pertinent policy statement;
6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7. the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a). For the reasons that follow, the § 3553(a) factors support a guideline sentence of imprisonment.

On January 4, 2024, Defendant sold the victim, J.M., fentanyl, who provided it to his girlfriend. She overdosed; however, luckily, she was revived by J.M using Narcan. The next day, on January 5, 2025, Defendant again sold J.M fentanyl, which is corroborated by J.M.'s phone extraction (as well as Defendant's own objection to paragraph 16 of the PSR). (PSR ¶ 16, Def. Obj. 3.) J.M used the fentanyl and overdosed. J.M.'s girlfriend attempted to revive him and called for police. J.M. was found deceased from a combined drug toxicity of methamphetamine and fentanyl. (PSR ¶¶ 11-14, 17.) The investigation quickly revealed that Defendant was the source

of supply, and that she also sold meth and had several other customers. (*Id.* ¶¶ 15-16.)

After the overdose, Defendant distributed fentanyl to a confidential source on several occasions and police were able to identify two of her sources of supply: codefendants Robertson and Galtney. (*Id.* ¶¶ 18-26.) On April 12, 2024, officers located Defendant slumped over the wheel of her vehicle at a gas station. (*Id.* ¶ 29.) A search of her vehicle recovered a shocking quantity of fentanyl – 36 grams, methamphetamine, cocaine, and various items of drug paraphernalia. (*Id.* ¶ 30.) Defendant spoke with police and admitted that she received large amounts of fentanyl for the past year from her codefendants. (*Id.* ¶ 31-32.)

Approximately a month later, investigators executed a search warrant at Defendant's residence, in which they observed various drugs and drug paraphernalia throughout. (*Id.* ¶¶ 35-36.) A review of Defendant's phone and her social media showed her personal use, as well as her ongoing distribution of fentanyl. For example, police reviewed messages in which Defendant's stated she had "white, purple, grey, blue," which are various colors fentanyl can be and have been demonstrated to be in this investigation. (*Id.* ¶¶ 47-49).

Defendant has two prior possession of controlled substances convictions. (*Id.* ¶¶ 68-69.) She received probationary sentences, in which both terms were eventually revoked due to non-compliance. (*Id.*) It is clear that Defendant's history of substance abuse impacted her involvement in the instant offense, which is a mitigating factor

for the Court to consider. (*Id.* ¶¶ 101-113.) However, lenient sentences did nothing to deter her drug use and, much more importantly, her distribution for financial gain.

Defendant is responsible for selling the drugs that killed J.M., valuing profit and her own use over the life of another person. Fentanyl plagues communities and claims the lives of friends, neighbors, and loved ones. A guideline term of imprisonment is sufficient but not greater than necessary to reflect the seriousness of the offense – and the death of J.M., promote respect for the law, and to deter Defendant's future criminal conduct.

## RESTITUTION

Under Title 18, United States Code, Section 3663, a district court may order restitution to a victim of an offense, "or if the victim is deceased, to the victim's estate," when imposing a sentence for conviction under 21 U.S.C. Section 841, unless the person was a participant in the offense. *See United States v. Nossan*, 647 F.3d 822, 827 (8th Cir. 2011) (citing 18 U.S.C. § 3663(a)(1)(A)). Pursuant to Section 3663(3)(b)(3), the defendant "in the case of an offense resulting in bodily injury also results in the death of a victim, pay an amount equal to the cost of necessary funeral and related services". Defendant agreed to restitution. (Dkt. No. 108.)

J.M.'s family is requesting restitution in the amount of $14,351.65 for J.M.'s funeral services, $1,840 for the grave plot, and $3,959 for the headstone. (Gov. Ex. 1.) The government respectfully requests the Court order restitution in the amount of $20,150.65 to J.M.'s family.

# CONCLUSION

Based on the foregoing, the government recommends a guideline term of imprisonment.

Respectfully submitted,

Richard D. Westphal
United States Attorney

By: */s/Mallory E. Weiser*
Mallory E. Weiser
Assistant United States Attorney
Neal Smith Federal Building
210 Walnut St., Suite 455
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email:  mallory.weiser@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2025, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system.  I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

_____U.S. Mail _____ Fax _____Hand Delivery


 X    ECF/Electronic filing    ____Other means

UNITED STATES ATTORNEY
By: */s/Madison Lancaster, Supervisory Paralegal*